IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff/Respondent, <br><br> vs. <br><br> MIKE ALFONS CAMPA and SUZETTE GAL, <br><br> Defendants/Movants. | Cause No. CR 12-65-GF-BMM <br><br> ORDER DENYING MOTIONS |

On February 7, 2019, the Court denied two motions from Defendant/Movant Campa. In the first, Campa sought leave to act on behalf of co-defendant Suzette Gal. In the second, he sought to reopen proceedings on his and Gal's motions under 28 U.S.C. § 2255 based on what he termed "fraud on the court." *See* Order (Doc. 675); Fed. R. Civ. P. 60(d)(3). Campa signed the motions in January 2019.

On February 11, 2019, the Court received and entered similar motions on the docket. These motions are dated December 2018 and include a declaration from co-defendant Gal.

1

Then, on March 8, 2019, Defendant Campa moved to reconsider the Court's February 7, 2019, denial of his Rule 60 motion (Doc. 679).

The ruling of February 7, 2019, stands. Campa and Gal do not allege an opposing party defrauded the Court in the course of the § 2255 proceedings. They allege one or more attorneys defrauded the Court in the course of the criminal case. They made these allegations, or similar ones, in their original § 2255 motions. Their current allegations attack the validity of the criminal judgment and may only be made under 28 U.S.C. § 2255. *See, e.g.*, Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006).

Campa and Gal are seeking a second bite at the apple under 28 U.S.C. § 2255. The Court of Appeals has not authorized either of them to file a second or successive motion. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3). Their motions are dismissed for lack of jurisdiction. *See Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam); *see also United States v. Washington*, 653 F.3d 1057, 1063 (9th Cir. 2011); *United States v. Baker*, 718 F.3d 1204, 1207–08 (10th Cir. 2013).

A certificate of appealability is denied. Reasonable jurists would not disagree with recharacterization of the motion.

Accordingly, IT IS ORDERED:

1. Campa's and Gal's motions under Federal Rule of Civil Procedure 60(d)(3) (Doc. 676, 677) and Campa's motion to reconsider (Doc. 679) are

RECHARACTERIZED as unauthorized second or successive motions under 28 U.S.C. § 2255 and DISMISSED for lack of jurisdiction.

2. A certificate of appealability is DENIED.

DATED this 20th day of March, 2019.

Brian Morris
United States District Court Judge