# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE ALFONS CAMPA,<br><br>Defendant. | Cause No. CR 12-65-GF-BMM<br><br>**ORDER** |

## BACKGROUND

Mike Alfons Campa ("Campa") moves the Court to reconsider its August 12, 2022 Order (Doc. 749) and further reduce Campa's sentence. (Doc. 755.) The Court will consider Campa's filing as a second motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). Campa is currently serving a sentence of 300 months for fraud-related offenses. (Doc. 522.) Campa has served approximately 153 months of his sentence. Campa's scheduled release date is December 11, 2032. *See* Inmate Locator, www.bop.gov/inmateloc (last visited May 25, 2023). Campa is currently incarcerated at Victorville Medium I FCI in Victorville, CA. *Id.*

### I.  Availability of Relief Under 18 U.S.C. § 3582

The First Step Act amended the United States Code to "promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*,

1

411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). The First Step Act amendments to 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 3582(c)(1)(A) prove especially relevant to Campa's motion.

Where, as here, a motion for a sentence reduction is well taken, a court may modify a term of imprisonment following a finding that "extraordinary and compelling reasons warrant such a reduction." *Id.* When deciding whether to reduce a sentence, a court must consider the factors set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)"), and whether the reduction proves "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)–(2).

Congress has not defined those circumstances that rise to the level of "extraordinary and compelling," except to say that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448. The law instead directs the Sentencing Commission to issue a policy statement in which it describes "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448.

The relevant Sentencing Commission policy statement lies in USSG § 1B1.13, titled Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) ("Policy Statement"). Notably, the Sentencing Commission has not amended the Policy Statement since passage of the First Step Act. *See United States v. Haynes*,

456 F. Supp. 3d 496, 507 (E.D.N.Y. 2020); *Brown*, 411 F. Supp. 3d at 448. A number of district courts have noted the unlikelihood of the Sentencing Commission updating the Policy Statement in the foreseeable future, as the Sentencing Commission requires four voting Commissioners to adopt a proposed amendment, and currently has only two voting Commissioners. *See, e.g., Haynes*, 456 F. Supp. 3d at 510 n.20; *Brown*, 411 F. Supp. 3d at 449 n.1; *United States v. Cantu*, 423 F. Supp. 3d 345, 347–48 n.1 (S.D. Tex. 2019); *United States v. Maumau*, No. 2:08-cr-00758-TC-11, 2020 WL 806121, at *1 n.3 (D. Utah Feb. 18, 2020); *United States v. Fox*, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Handerhan*, No. 110-CR-00298, 2019 WL 1437903, at *1 n.4 (M.D. Pa. Apr. 1, 2019).

The "Commentary" to the Policy Statement lists five "Application Notes," the terms of which evidence the Policy Statement's inapplicability to the amended § 3582(c)(1)(A). *See* USSG § 1B1.13 n.1–5. Note 1 lists those circumstances that qualify as "extraordinary and compelling," including the defendant's medical condition, age, family circumstances, and "Other Reasons." *Id.* n.1(A)–(D). The "Other Reasons" subdivision to Note 1 provides as follows: "As determined by the Director of [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* n.1(D) (emphasis added). Notes 4 and 5 likewise

3

"speak plainly to the BOP's exclusive gate-keeping authority pre-[First Step Act]." *Haynes*, 456 F. Supp. 3d at 508. Note 4 provides, for example, that a "reduction under this policy statement may be granted *only* upon motion by the Director of the [BOP] pursuant to 18 U.S.C. § 3582(c)(1)(A)." USSG § 1B1.13 n.4 (emphasis added).

The pre-First Step Act Policy Statement does not account for amendments to § 3582(c)(1)(A), namely, removal of BOP's sentinel authority over sentence reduction petitions and extension to defendants of the right directly to move for a sentence reduction. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). The Policy Statement instead contemplates only motions filed by the BOP Director. *Id.*; *see also* USSG § 1B1.13.

When the First Step Act's amendments of § 3582(c)(1)(A) became effective, a split in authority emerged over whether the Policy Statement at USSG § 1B1.13 remained "applicable" to § 3582(c)(1)(A) motions directly filed by defendants. *See Beck*, 425 F. Supp. 3d at 579 (quoting § 3582(c)(1)(A)(i)'s requirement that a court's sentencing reduction must be "consistent" with any "applicable" policy statements); *Cantu*, 423 F. Supp. 3d at 351 ("Given the changes to [§ 3582(c)(1)(A)], the policy-statement provision that was previously applicable . . . no longer fits . . . and thus does not comply with the congressional mandate that the policy statement must provide guidance on the appropriate use of sentence-modification provisions under

§ 3582."); *Haynes*, 456 F. Supp. 3d at 511–13 (citing "at least twelve" other federal district courts that have held the Policy Statement's "extraordinary and compelling reasons" list to be unexhaustive for defendants' direct sentence reduction motions).

The Ninth Circuit subsequently issued its decision in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). *Aruda* makes clear that the Policy Statement at USSG § 1B1.13 "is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." 993 F.3d at 801. Where a court considers a sentence reduction motion directly filed by a defendant under the First Step Act, the substantive standards for what may qualify as extraordinary and compelling expand beyond the bounds of guidance provided in USSG § 1B1.13's Policy Statement Application Notes. *Id.* at 802; *see also Haynes*, 456 F. Supp. 3d at 511–13; *Cantu*, 423 F. Supp. 3d at 350–52; *Beck*, 425 F. Supp. 3d at 578–80 (M.D.N.C. 2019); *Brown*, 411 F. Supp. 3d at 451.

Although the Policy Statement may provide helpful guidance, *see United States v. Booker*, 543 U.S. 220, 245 (2005), "it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)." *Beck*, 425 F. Supp. 3d at 579; *see also United States v. McCoy*, 981 F.3d 271, 282 n.7 (4th Cir. 2020). The Court will look to additional considerations outside those listed in the Policy Statement to determine whether extraordinary and compelling circumstances compel an

5

additional reduction in Campa's sentence.

### II. Whether Campa has Demonstrated Extraordinary and Compelling Reasons.

Despite this Court's determination that it possesses discretion to provide relief, Campa still must demonstrate that extraordinary and compelling reasons support release or a reduction of his sentence. *Maumau*, 2020 WL 806121, at *5. Campa urges the Court to release him to home confinement on the basis of his mother's ailing health and the risk of contracting COVID-19 while incarcerated. (Doc. 755 at 3–5.) Campa further cites his lack of any significant disciplinary record in prison, his completion of educational and treatment programming, and his support of other incarcerated people through GED study help and the prison's Suicide Watch Companion Program. (*Id.* at 5–7; Doc. 755-1 at 12–13.) Campa has attached letters in support from his mother, Christel Campa, and daughter, Kailee Campa. (Doc. 755-1 at 15–18.)

Campa additionally contends that his sentencing guideline range proved too high due to decisions by the sentencing judge, the Honorable Sam E. Haddon, United States District Judge for the District of Montana, not to award him a 2-level reduction for the acceptance of responsibility and to permit a 2-level increase for obstruction of justice. (Doc. 755 at 7–9.) Campa argues that his Total Offense Level should have been 33, rather than 37, resulting in a guideline sentence range of 188 to 235 months. (*Id.* at 9.)

The Court determines that Campa has failed to demonstrate extraordinary and compelling reasons to reduce further Campa's sentence. The Court already reduced Campa's sentence by 60 months, from 360 to 300 months. (Doc. 749.) The Court's previous compassionate release Order issued approximately nine months ago. Reducing Campa's sentence would not comport with the § 3553(a) sentencing factors.

The Court acknowledges Campa's difficult family health circumstances and lauds Campa's continued sobriety and engagement with treatment, educational, and peer support programming while serving his sentence. These considerations prove insufficient, however, to justify an additional sentence reduction at this time. The Court declines to order an additional sentence reduction.

Accordingly, **IT IS ORDERED:**

1. Campa's second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 755) is **DENIED.**

DATED this 25th day of May, 2023.

_____
Brian Morris, Chief District Judge
United States District Court