IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE ALFONS CAMPA,<br><br>Defendant. | Cause No. CR 12-65-GF-BMM-1<br><br><br>ORDER |

## INTRODUCTION

Defendant Mike Alfons Campa ("Campa") filed a motion to appoint counsel to assist him with a motion for compassionate release. (Doc. 767.) Campa filed several supplemental motions for compassionate release. (Doc. 769; Doc. 770; Doc. 771; Doc. 778.) Campa's counsel filed a motion for compassionate release on July 5, 2024. (Doc. 785.) Campa argues that his mother's health has declined to the point that she can no longer care for herself and that Campa represents the only available caretaker. (*Id.* at 5–10.) The Government opposes Campa's motion. (Doc. 787 at 2.)

## FACTUAL BACKGROUND

Campa pleaded guilty to Conspiracy to Commit Fraud in violation of 18 U.S.C. § 371, Investment Fraud/Wire in violation of 18 U.S.C. § 1343, and Investment Fraud/Mail in violation of 18 U.S.C. § 1341. (Doc. 270; Doc. 19.) Campa admitted to participating in a scheme to defraud investors by soliciting investments

1

for oil and gas leases that Campa knew had expired and proved invalid and unenforceable. (Doc. 276 at 26–36.) Campa moved to withdraw his guilty plea, which the Court denied. (Doc. 443.) The Ninth Circuit affirmed this denial and the inclusion of the $4.5 million from an Arizona gold mine scheme in the loss calculation for Campa's offense. (Doc. 589 at 14–18.)

The Court sentenced Campa to the custody of the Bureau of Prisons ("BOP") for a period of 60 months on the conspiracy charge, 60 months on the wire fraud charge, and 240 months on the mail fraud charge with the sentences to run consecutively. (Doc. 523 at 1–2.) Campa's custodial sentence between the three charges totaled 360 months. Campa filed a motion for compassionate release on April 18, 2022. (Doc. 735.) The Court granted Campa's motion, in part, and reduced Campa's total custodial sentence to 300 months. (Doc. 749.) Campa filed a motion for reconsideration on March 6, 2023, which the Court treated as a second motion for compassionate release and denied. (Doc. 755.) Campa filed another motion for reconsideration on June 9, 2023. (Doc. 762.) The Court denied Campa's motion. (Doc. 763.)

Campa has now filed a third motion for compassionate release citing family circumstances as the grounds warranting his release. (Doc. 786.) The Inmate Locator provided by the BOP lists a projected release date of December 11, 2032. *See* Inmate

Locator, https://www.bop.gov/inmateloc (accessed July 11, 2024). Campa is incarcerated at FCI Lompoc II. *See id.*

## DISCUSSION

Campa has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582. Campa contends that extraordinary and compelling reasons exist for reducing Campa's sentence and that the § 3553(a) factors support such a reduction. The Government opposes this motion. The Government argues that Campa will perpetrate fraud again if released and continues to pose a serious danger to the community, particularly to the elderly population. (Doc. 787 at 20.) The Government further contends that the § 3553(a) factors do not support a reduction of Campa's sentence given the extent of the harm that Campa has caused and his history in engaging in this type of fraudulent behavior. (*Id.*)

I. **Motion for Compassionate Release**
   a. **Availability of Relief Under 18 U.S.C. § 3582**

The First Step Act amended the United States Code to "promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019) (citing Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 1 (2019)). The Court may modify a term of imprisonment upon motion of a defendant if the Court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

3

The Court must consider the factors set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)"), and whether the reduction proves "consistent with applicable policy statements issued by the Sentencing Commission" when the Court is considering the reduction of a defendant's term of imprisonment. *Brown*, 411 F. Supp. 3d at 448 (citing 18 U.S.C. § 3582(c)(1)(A)).

Congress has not defined the circumstances that rise to the level of "extraordinary and compelling," except to say that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448. The law instead directs the United States Sentencing Commission ("USSC") to issue a policy statement describing "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021).

Section 1B1.13 of the United States Sentencing Guidelines ("USSG"), titled Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) ("Policy Statement"), previously only provided a policy statement for motions filed by the BOP director. Amendments to USSG § 1B1.13 took effect on November 1, 2023. "The amendment revises §1B1.13(a) to reflect that a defendant is now authorized to file a motion under 18 U.S.C. § 3582(c)(1)(A), making the policy statement

4

applicable to both defendant-filed and BOP-filed motions." USSC, Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, at 7, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf.

Section 1B1.13(b) outlines several categories of circumstances that constitute extraordinary and compelling reasons for reducing a defendant's sentence. USSG § 1B1.13(b). These categories include the following: (1) medical circumstances; (2) advanced age of the defendant; (3) family circumstances; (4) the defendant was a victim of abuse while incarcerated; and (5) unusually long sentences. USSG § 1B1.13(b). Section 1B1.13(b)(5) further provides a catchall category where "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the [other described reasons], are similar in gravity to [the other described reasons]." USSG § 1B1.13(b)(5). The USSC established the catchall "other reasons" provision to acknowledge that "what circumstances or combination of circumstances are sufficiently extraordinary and compelling to warrant a reduction in sentence is best provided by reviewing courts, rather than through an effort by the Commission to predict and specify in advance all of the grounds on which relief may be appropriate." USSC, Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory

Index, at 10.

### A.  Exhaustion of Remedies

It remains unclear whether Campa appropriately exhausted his administrative remedies as required before filing his motion for compassionate release. Campa failed to demonstrate that he submitted a copy of any request for compassionate release to the warden of the facility in which he is incarcerated. The Court cannot determine whether the requisite 30 days have passed since any letter was sent to the warden of the facility such that Campa can be considered to have exhausted his administrative remedies. 18 U.S.C. § 3582(c)(1)(A).

### B.  Reason for Release

Campa asserts family circumstances in support of his motion for a sentence reduction. Campa notes that his eighty-seven-year-old mother's health has declined to a point where she can no longer care for herself. (Doc. 786 at 7–8.) Campa's mother suffers from Alzheimer's disease and experienced a stroke that has left her wheelchair bound. (*Id.* at 7.) Campa submitted letters from two physicians who have cared for Campa's mother. (Doc. 786-1; Doc. 786-2.) One physician opined that Campa's mother's medical condition renders Campa's mother incapable of handling her own affairs and incapable of making financial and medical decisions. (Doc. 786-1.) The other physician also opined that Campa's mother's medical condition has rendered her unable to understand the consequences or rationally evaluate the risks

6

and benefits of such choices. (Doc. 786-2.) Campa's daughter also submitted a letter explaining the rapid decline in the health of Campa's mother that has required the family to put Campa's mother on hospice care. (Doc. 786-3 at 1.)

Section 1B1.13(b)(3)(C) of the USSG provides that extraordinary and compelling reasons exist upon "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." Campa has demonstrated the incapacitation of his elderly mother. Campa still must demonstrate, however, that he represents the only available caregiver for his mother. Campa has failed to do so.

Campa's mother currently resides in a nursing home facility in California. (*See* Doc. 786-2.) Campa's daughter explained that the decline in Campa's mother's health has necessitated increased care, which costs more money. (Doc. 786-3 at 1–2.) Campa's daughter explained that Campa's mother's social security and military benefits barely cover the current costs of her care and likely will not cover the costs as Campa's mother's needs increase. (*Id.*) Campa's daughter currently performs several caregiving tasks, including laundry, for Campa's mother to reduce costs. (*Id.* at 2.) Campa's daughter has indicated that providing care for Campa's mother while maintaining her full-time job has taken a physical and emotional toll. (*Id.*) Campa's daughter further indicated that her ability to provide such care likely will diminish

7

in the coming months as she gets married and begins starting her own family. (*Id.*)

The Court acknowledges Campa's difficult family circumstances and recognizes the efforts of Campa's daughter. The Court also recognizes, however, that Campa's mother is at a care facility. It appears that the facility in which she is living serves a caregiving role in addition to the caregiving provided by Campa's daughter. The Court struggles to find that Campa represents the only available caregiver under these circumstances. The Court respects Campa's desire to care for his mother and take some of the burden of such care off Campa's daughter. The Court also appreciates that Campa is trying to fulfill his mother's wish of finishing her life in her home rather than in a care facility. The Court struggles to find, however, that the circumstances constitute extraordinary or compelling reasons to warrant a reduction of Campa's sentence. 18 U.S.C. § 3582(c)(1)(A)(i).

### C.  Section 3553(a) Factors

Even if the Court did find extraordinary and compelling reasons for reducing Campa's sentence, the Court still would have to determine whether the requested reduction would comport with the § 3553(a) factors. Section 3553(a) of Title 18 of the United States Code provides:

> The court, in determining the particular sentence to be imposed, shall consider—
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

8

      (2) the need for the sentence imposed—
            (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
            (B) to afford adequate deterrence to criminal conduct;
            (C) to protect the public from further crimes of the defendant; and
            (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a). The Court also must consider the kinds of sentences available, the need to provide restitution to any victims, the recommended guideline sentence, any pertinent policy statement, and the need to avoid unwarranted sentence disparities. (*Id.*)

Campa's offense involved a scheme that defrauded others of millions of dollars. Campa and his co-defendants victimized over 60 people with their scheme, several of whom were elderly persons who had fixed incomes. (*See* Doc. 525, ¶ 137; *see also* Doc. 374-1 at 3–6, 12–13.) Campa's offense proved serious and caused widespread and substantial harm to the victims of that offense. The Court also notes that Campa had a history of criminal activity and in fact, had previously been convicted for criminal conduct similar to the conduct of this offense. Campa had a prior conviction for mail fraud from 1993 that involved a scheme to defraud investors of hundreds of thousands of dollars. (Doc. 525, ¶ 71.) Campa had another federal conviction from 1994 for wire fraud that victimized over 125 people, all of

9

whom were elderly. (*Id.*, ¶ 72.) Campa received another conviction in 2004 for obtaining credit through the use of another's identification. (*Id.*, ¶ 73.)

Campa's criminal history and failure to cease engaging in fraudulent conduct despite multiple contacts with the criminal justice system weigh against a sentence reduction. The idea of reducing Campa's sentence to allow him to care for his elderly mother given Campa's history of defrauding and taking advantage of elderly, vulnerable persons also leaves the Court with a sense of concern. Campa's history of defrauding elderly persons weighs against reducing Campa's sentence so that Campa can assume the position of making financial and medical decisions for his incapacitated mother.

The Court again acknowledges the progress that Campa has made throughout his incarceration and the rehabilitative programming in which Campa has engaged. (Doc. 755-1 at 10–13.) The Court remains sensitive to Campa's family circumstances and the burden that Campa's incarceration poses on his family members. The Court finds, however, that a reduction of Campa's sentence at this time would not comport with the § 3553(a) factors.

## CONCLUSION

Campa has failed to demonstrate exhaustion of his administrative remedies. Campa also has failed to demonstrate that extraordinary and compelling reasons

exist for reducing his sentence. Even accepting that the circumstances presented by Campa rise to the level of extraordinary and compelling, Campa has failed to show that a reduction of his sentence would be consistent with the § 3553(a) factors. The Court will deny Campa's motion for compassionate release.

## ORDER

Accordingly, **IT IS ORDERED** that Campa's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and (Doc. 778; Doc. 785) is **DENIED.**

DATED this 23rd day of July, 2024.

_____
Brian Morris, Chief District Judge
United States District Court